# IN THE COURT OF APPEALS OF IOWA

No. 18-0902
Filed June 5, 2019

**ANDREW KEARSE, D.C.,**
    Plaintiff-Appellant,

**vs.**

**IOWA BOARD OF CHIROPRACTIC,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Lee County, Mark E. Kruse, Judge.

Andrew Kearse appeals the district court's dismissal of his application for judicial review of a sanction imposed on him by the Iowa Board of Chiropractic. **AFFIRMED.**

Curtis R. Dial of Law Office of Curtis Dial, Keokuk, for appellant.

Thomas J. Miller, Attorney General, and Tessa M. Register and Allison A. Schmidt, Assistant Attorneys General, for appellee.

Considered by Vogel, C.J., and Vaitheswaran and Doyle, JJ.

**VAITHESWARAN, Judge.**

Several patients of Keokuk chiropractor Andrew Kearse complained that Kearse touched them sexually during sessions. The Iowa Board of Chiropractic found multiple acts of sexual misconduct and revoked Kearse's chiropractor license "for a minimum period of ten (10) years." The district court affirmed the agency decision.

Although Kearse denied some of the patients' allegations, he does not argue on appeal that the board's detailed fact findings are unsupported by substantial evidence. *See* Iowa Code § 17A.19(10)(f) (2015). Kearse simply asserts "the sanction imposed was not warranted." The board counters that it possesses "wide discretion to impose discipline." The board is correct.

Iowa Code section 151.9(3) authorizes revocation of a license to practice as a chiropractor when the chiropractor "engag[es] in unethical conduct or practice harmful or detrimental to the public." *See also id.* § 147.55(3) (same); Iowa Admin. Code r. 645-45.2(3) (same). Iowa Code section 147.55(9) authorizes revocation for "[o]ther acts or offenses as specified by board rule." Iowa Administrative Code rule 645-45.2(28) states "unethical conduct may include . . . [i]mproper sexual contact with, or making suggestive, lewd, lascivious or improper remarks or advances to a patient, . . . regardless of the patient's . . . consent." Another rule vests the board with discretion to consider the number and seriousness of violations in addition to other factors in "determining the nature and severity of the disciplinary sanction to be imposed." Iowa Admin. Code r. 645-45.4. Because statute and rule grant the board discretion to apply law to fact, we will reverse the

board's sanction only if it is "irrational, illogical, or wholly unjustifiable." *See* Iowa Code § 17A.19(10)(m).

At the evidentiary hearing before the board, Kearse admitted to sexual touching without chiropractic purpose and admitted to engaging in sex acts with patients. Kearse testified to being taught in school about "[e]thical boundaries," stated it was his responsibility to set those boundaries with patients, and agreed there was no ethical way to engage in sexual relationships with patients. He acknowledged his actions were "a disgrace" to his profession and said he was "not justifying" them. In his words, "They were my choices and they were . . . very disgraceful and poor choices." He conceded his conduct was unprofessional, unethical, and outside the scope of his practice as a chiropractor, and he agreed he had to be held accountable.

We conclude the board acted well within its discretion in revoking Kearse's chiropractor license for at least ten years. The revocation decision was not an irrational, illogical, or wholly unjustifiable application of law to fact.

**AFFIRMED.**